UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JOSE SANTIAGOCRUZ,

                           Plaintiff,

      v.                                                             9:21-CV-0806
                                                                              (TJM/ML)

JOHN DOE #1, Officer, Great Meadow
Correctional Facility, et al.,

                           Defendants.

---

APPEARANCES:

JOSE SANTIAGOCRUZ
Plaintiff, pro se
19-A-2161
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

## I.    INTRODUCTION

       Pro se plaintiff Jose Santiagocruz ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). Plaintiff also filed a motion for the appointment of counsel. Dkt. No. 4. In a Decision and Order filed on October 26, 2021 (the "October Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 12. Based upon that review, the Court found that Plaintiff's Eighth Amendment failure-to-protect claims against John Does #1 through #5,

Correctional Officers at Great Meadow C.F., survived sua sponte review. *Id*. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court directed the Attorney General's Office attempt to ascertain the full name of the defendants. *Id*. The Court also denied Plaintiff's motion for counsel. *Id*.

On November 24, 2021, the Attorney General's Office responded to the Court's directive. Dkt. No. 16.

Presently before the Court are the following motions: (1) Plaintiff's request for preliminary injunctive relief (Dkt. No. 14); (2) Plaintiff's motion for reconsideration of the Court's denial of Plaintiff's motion for counsel (Dkt. No. 15); and (3) Plaintiff's motion to "add on to the complaint" (Dkt. No. 15).

## II.   DISCUSSION

### A.  Motion for Preliminary Injunction

#### 1.  Legal Standard

Preliminary injunctive relief "is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Moore v. Consol. Edison Co. of N.Y.*, 409 F.3d 506, 510 (2d Cir. 2005) (quoting *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997)). "In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.' " *Otoe-Missouria Tribe of Indians v. N.Y. State Dep't of Fin. Servs*., 769 F.3d 105, 110 (2d Cir. 2014) (quoting

*Lynch v. City of New York*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory preliminary injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 405-06 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Id.* (quoting *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see Tom Doherty Assocs. v. Saban Enter., Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (explaining that a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim).

The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*, 409 F.3d at 511. "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

"A showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction." *Bisnews AFE (Thailand) Ltd. v. Aspen Research Grp. Ltd.*, 437 Fed. App'x 57, 58 (2d Cir. 2011) (summary order) (citation omitted)). Generally an alleged violation of a constitutional right creates a presumption of irreparable harm. *Jolly v. Coughlin*, 76 F.3d 468, 482 (2d Cir. 1996). However, speculative, remote or future injury is

not the province of injunctive relief. *Los Angeles v. Lyons*, 461 U.S. 95, 111-12 (1983). Rather, a plaintiff seeking to satisfy the irreparable harm requirement must demonstrate that "absent a preliminary injunction [he or she] will suffer an injury that is neither remote nor speculative, but actual and imminent, and one that cannot be remedied if a court waits until the end of trial to resolve the harm." *Bisnews AFE (Thailand)*, 437 Fed. App'x at 58 (quoting *Faiveley Transport Malmo AB v. Wabtec Corp*., 559 F.3d 110, 118 (2d Cir. 2009)); *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994) ("It is well settled that an allegation of the mere possibility of irreparable harm is insufficient to justify the drastic remedy of preliminary injunction. . . . A party who seeks the extraordinary remedy of a preliminary injunction must show the alleged irreparable harm to be imminent, not remote or speculative, and the alleged injury to constitute one that is incapable of being fully remedied by monetary damages." (citations omitted)). A finding of irreparable harm cannot be based solely on past conduct. *Haden v. Hellinger*, No. 9:14-CV-0318, 2016 WL 589703 at *1 (N.D.N.Y. Feb. 11, 2016).

Furthermore, "[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint." *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted).

### 2. Analysis

Plaintiff, who is presently incarcerated at Five Points Correctional Facility ("Five Points C.F."), seeks an order "to mandate [he] be separated from general population at [his] current facility." Dkt. No. 14. Plaintiff alleges "DOCCS employees keep placing me in harms way as

4

retaliation for me filing my lawsuit." *Id*.

As discussed *supra*, the defendants herein are John Does #1 through #5, Correctional Officers at Great Meadow C.F.  To the extent that Plaintiff seeks injunctive relief against individuals who are not defendants in this action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here.  *See* Fed. R. Civ. P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Even assuming Plaintiff sought relief against the proper individual(s), he has failed to plead facts suggesting irreparable harm.  Plaintiff does not allege that he suffered any harm as a result of his housing assignment.  Rather, Plaintiff's belief that he will likely suffer retaliation in the future is purely speculative.  "[A]llegations of future injury without more do not establish a real threat of injury."  *See Slacks v. Gray*, No. 9:07-CV-0501(NAM/GJD), 2008 WL 2522075, at *1 (N.D.N.Y. June 25, 2008) (citing *Garcia v. Arevalo*, No. 93-CV-8147, 1994 WL 383238, at *2 (S.D.N.Y. June 27, 1994)).

Moreover, even if the Court were to assume that Plaintiff could allege irreparable harm, Plaintiff has failed to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims because the allegations in the motion are unrelated to the underlying action.  In the operative pleading, Plaintiff asserts Eighth Amendment failure-to-protect claims related to an attack by an unidentified assailant on May 20, 2021 at Great Meadow

5

C.F. *See generally,* Compl. In the present motion, Plaintiff alleges First Amendment retaliation claims against unidentified DOCCS employees at Five Points C.F. Thus, Plaintiff cannot establish a likelihood of success on the merits and Plaintiff's request for relief is denied. *See Allen v. Brown,* No. 96-CV-1599 (RSP/GJD), 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (denying request for injunctive relief where allegations in application for such relief were unrelated to claims asserted in the complaint); *Mitchell v. New York State Dep't of Corr. Srvs.,* No. 06-CV-6278, 2011 WL 5326054, at *3 (W.D.N.Y. Nov. 3, 2011) (denying relief where the facts underlying the request for injunctive relief are essentially unrelated to the underlying facts of the claims in the action, except for the fact that they arise in the prison context).

The Court has reviewed Plaintiff's motion thoroughly and with due regard for his status as a pro se litigant. Plaintiff's failure to substantiate his allegations of irreparable harm with evidence in admissible form or to demonstrate a likelihood of success on the merits of his underlying claims warrants denial of his motion. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y.1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").[1]

### B. Motion for Reconsideration

In July 2021, Plaintiff filed a motion for the appointment of counsel. Dkt. No. 4. In the October Order, the Court denied Plaintiff's motion for counsel holding:

> At this preliminary stage, the Court is unable to determine

---

[1] Plaintiff may pursue claims against the individuals responsible for the alleged wrongdoing through DOCCS' administrative procedures and, if necessary, by means of a properly filed action.

> whether Plaintiff meets the threshold requirement that at least some aspects of his claim are "likely to be of substance." *Hodge*, 802 F.2d at 61. Plaintiff has not submitted any evidence supporting his claims and Plaintiff's request for counsel is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector. *See Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994); *Cooper v. Sargenti Co., Inc.*, 877 F.2d 170, 172, 174 (2d Cir. 1989). Even if the Court were to assume, for purposes of this motion, that Plaintiff's position seems likely to be of substance, the relevant factors weigh decidedly against granting Plaintiff's motion at this time. For example: (1) the case does not present novel or complex issues; and (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action. The Court is unaware of any special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. *See Terminate Control Corp.*, 28 F.3d at 1341; *Hodge*, 802 F.2d at 61.

Dkt. No. 12 at 11.

Now, Plaintiff seeks reconsideration of the portion of the October Order that denied his motion for counsel. *See* Dkt. No. 15 at 1-3. Plaintiff claims his "primary spoken language is Spanish" and "up until this point plaintiff has had the assistance of the law library clerks" to read his legal work. *Id*. However, Plaintiff "presently" does not have access to the law library, clerks, or any legal assistance because he is "segregated" in Involuntary Protective Custody ("IPC"). *Id*. Plaintiff asserts he cannot comprehend, respond, read, or write any motions for this action and that he requires assistance to obtain investigation to support his claims. *Id*.

"A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light; or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice." *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (citing *Doe v. New York City Dep't*

7

*of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "The standard for granting a motion for reconsideration is strict[.]" *Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A motion for reconsideration "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Id.* Furthermore, a motion for reconsideration is not to be used for "presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.' " *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998). In the interests of justice, the Court will grant Plaintiff's request for reconsideration.

The Court has thoroughly reviewed Plaintiff's motion for counsel, with consideration of the factors outlined in the October Order, and finds no change of circumstances that would warrant appointment of counsel pro bono for Plaintiff at this time. Plaintiff's inability to "read or write English" has not prevented him from effectively litigating this matter thusfar. Indeed, the motion for reconsideration is ten pages in length and includes legal arguments, citations to caselaw, and various requests for relief. *See* Dkt. No. 15. Moreover, Plaintiff's motion for reconsideration is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.

Therefore, for the reasons set forth herein and in the October Order, Plaintiff's motion for counsel is denied, without prejudice. Plaintiff is advised that if the case survives dispositive motions and proceeds to trial, Plaintiff may file a new motion for the appointment of counsel.

### C. Motion to Amend Complaint

Plaintiff moves to "add to the complaint" and attempts to "provide a clearer understanding of the facts." Dkt. No. 15 at 4. In his submission, Plaintiff asserts new facts

and claims against individuals not named in the original Complaint. *Id.* at 4-10.

The filing of amended pleadings is governed by Rule 15 of the Federal Rules of Civil Procedure. A party may amend, as of right, if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier. Fed. R. Civ. P. 15. An amended complaint is intended to replace and supercede in its entirety the previous complaint. Once accepted for filing, the amended complaint becomes the operative pleading, and the original complaint is no longer considered. *See Dluhos v. Floating & Abandoned Vessel*, 162 F.3d 63, 68 (2d Cir. 1998) ("[I]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect.") (citing *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)). This requirement is buttressed by the Local Rules of Practice of this District ("Local Rules"), which provide, in pertinent part, that amended pleadings must be complete pleadings which will supersede the original pleading in all respects. *See* N.D.N.Y.L.R. 15.1. The Local Rules further state that a "party shall not incorporate any portion of its prior pleading into the proposed amended pleading by reference." *Id*. One of the purposes of the requirement that an amended complaint be itself a complete pleading, is to ensure that all of the allegations asserted against the defendants are contained in a single document, thereby reducing the likelihood that a party will overlook one or more allegations against him. *See Walker v. Fischer*, No. 10-CV-1431 (MAD/DEP), 2012 WL 1029614, at *10 (N.D.N.Y. Mar. 26, 2012) (citation omitted). This requirement eliminates the confusing nature of "piecemeal" amended complaints. *See Chapdelaine v. Keller*, 9:95-CV-1126 (HGM/GS), 1999 WL 34998130, at *1 (N.D.N.Y. Sep. 28, 1999). In other words, an amended complaint must include all of the allegations against each of the

9

defendants against whom the case is going forward so that the amended complaint may stand alone as the sole complaint in the action.  "While we have insisted that the pleadings prepared by [ pro se litigants] be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *McNeil v. U.S.*, 508 U.S. 106 (1993).

Rule 10 of the Federal Rules of Civil Procedure requires that a pleading contain a caption which names "all the parties" and further provides, in part, that

> [a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence—and each defense other than a denial—must be stated in a separate count or defense.

Fed. R. Civ. P. 10(b).  A party not named in the caption of the complaint is not a party to the action.  *Abbas v. U.S.*, No. 10-CV-0141, 2014 WL 3858398, at *2 (W.D.N.Y. Aug. 1, 2014) (the failure to name a party in the caption makes it "infeasible for the Court to determine which of the individual officers mentioned in the body of the complaint should be deemed to be defendants to which claims).

A complaint that fails to comply with these Rules "presents too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [a plaintiff's] claims[.]"  *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).

The submission presently before the Court is not in compliance with the Federal Rules or N.D.N.Y. Local Rule 15.1.  *See* Dkt. No. 15 at 4-10.  As explained above, Plaintiff may not submit an amended complaint and at the same time proceed with the original complaint.

Compliance with this Court's local rules is "not merely technical in nature." *See Cusamano v. Sobek*, 604 F.Supp.2d 416, 508 (N.D.N.Y. 2009).

At this juncture, the Court will not accept the facts and allegations set forth in Plaintiff's letter (Dkt. No. 15 at 4-10) as the Amended Complaint or the operative pleading. Plaintiff is directed to, within **SIXTY DAYS** of the within Order, submit a proposed amended pleading that complies with this Court's Local Rules.

### D. Service Issues

On November 24, 2021, the Court received a response to the October Order from the Office of the New York State Attorney General. *See* Dkt. No. 16. The response was forwarded to Plaintiff at Five Points C.F. *See id.* at 2. It is ordered that Plaintiff has **sixty days** from the date of this Order to file an amended complaint that correctly identifies the John Doe defendants in his Complaint. In an effort to assist Plaintiff in drafting the proposed amended complaint, the Clerk shall forward to Plaintiff a copy of his Complaint, without exhibits (Dkt. No. 1). Plaintiff may identify the Doe defendants by handwriting the name in the appropriate locations throughout on the copy of the Complaint and indicate in the caption of the document that it is the Amended Complaint. Once Plaintiff has made these changes to the copy of the operative pleading, captioned it as his Amended Complaint, and signed the proposed pleading, he should submit it to the Court for review. Plaintiff is advised that, if he should fail to identify the Doe Defendants, his action is subject to dismissal without prejudice.

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that Plaintiff's motion for a preliminary injunction (Dkt. No. 14) is **DENIED**;

11

and it is further

**ORDERED** that Plaintiff motion for reconsideration (Dkt. No. 15) is **GRANTED in part and DENIED in part**; and it is further

**ORDERED** that Plaintiff's motion to amend the Complaint (Dkt. No. 15) is **DENIED**; and it is further

**ORDERED** that Plaintiff has **sixty days** from the date of this Order to file an amended complaint that correctly identifies the John Doe defendants in his Complaint.  The Clerk of the Court is directed to provide Plaintiff a copy of his Complaint; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**DATED:** December 1, 2021

Thomas J. McAvoy
Senior, U.S. District Judge