UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOSE SANTIAGOCRUZ,

                             Plaintiff,

      v.                                                             9:21-CV-0806
                                                                     (TJM/ML)

JOHN DOE #1, Officer, Great Meadow
Correctional Facility, et al.,

                             Defendants.
_____

APPEARANCES:

JOSE SANTIAGOCRUZ
Plaintiff, pro se
19-A-2161
Five Points Correctional Facility
Caller Box 119
Romulus, NY 14541

THOMAS J. MCAVOY
Senior United States District Judge

**DECISION and ORDER**

**I.    INTRODUCTION**

       Pro se plaintiff Jose Santiagocruz ("Plaintiff") commenced this civil rights action asserting claims arising out of his confinement at Great Meadow Correctional Facility ("Great Meadow C.F."). Dkt. No. 1 ("Compl."). With the Complaint, Plaintiff also filed a motion for the appointment of counsel. Dkt. No. 4. In a Decision and Order filed on October 26, 2021 (the "October Order"), the Court reviewed the sufficiency of the Complaint in accordance with 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A. Dkt. No. 12. Based upon that review, the Court found that Plaintiff's Eighth Amendment failure-to-protect claims against John Does #1

through #5, Correctional Officers at Great Meadow C.F., survived sua sponte review. *Id*. Pursuant to *Valentin v. Dinkins*, 121 F.3d 72 (2d. Cir. 1997) (per curiam), the Court directed the Attorney General's Office attempt to ascertain the full name of the defendants. *Id*. The Court also denied Plaintiff's motion for counsel. *Id*.

On November 24, 2021, the Attorney General's Office responded to the Court's directive. Dkt. No. 16. In October 2021 and November 2021, Plaintiff filed motions for preliminary injunctive relief (Dkt. No. 14), for reconsideration of the Court's denial of Plaintiff's motion for counsel (Dkt. No. 15), and to "add on to the complaint" (Dkt. No. 15). In a Decision and Order filed on December 1, 2021 (the "December Order"), the Court denied Plaintiff's motions for injunctive relief and to amend the complaint. Dkt. No. 18 at 11. The court reconsidered, and denied Plaintiff's motion for counsel. *Id*. The Court directed Plaintiff to file an amended complaint that correctly identified the John Doe defendants within sixty days from the date of the December Order. *Id*. at 12. To assist Plaintiff, the Clerk was directed to provide a copy of his Complaint. *Id*.

Presently before the Court are the following: (1) Plaintiff's Amended Complaint; (2) Plaintiff's motion to preserve evidence; and (3) Plaintiff's third request for counsel. Dkt. No. 20.[1]

## II.   REVIEW OF AMENDED COMPLAINT[2]

The legal standard governing the dismissal of a pleading for failure to state a claim

---

[1] Because defendants have not yet responded, the pleading was filed as of right pursuant to Rule 15(a).

[2] The Amended Complaint includes exhibits. *See* Dkt. No. 20-1. To the extent that the exhibits are relevant to the incidents described in the Amended Complaint, the Court will consider the Amended Complaint as well as any documents attached as exhibits. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991) (the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference.)

pursuant to 28 U.S.C. § 1915(e)(2)(B) was discussed at length in the October Order and it will not be restated in this Decision and Order. *See* Dkt. No. 12 at 3-5. Taking into account Plaintiff's pro se status, the Court construes the allegations in the Amended Complaint with the utmost leniency. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 521 (1972) (holding that a pro se litigant's complaint is to be held "to less stringent standards than formal pleadings drafted by lawyers.").

The facts asserted in the Amended Complaint are identical to those plead in the original Complaint. *Compare* Compl. *with* Am. Compl.

**A.   Eighth Amendment Claims**

As a result of the review of the original Complaint, the Court held that Plaintiff's Eighth Amendment excessive force claims against John Does #1 through #5 required a response. Dkt. No. 12 at 6-8. With the Amended Complaint, Plaintiff repeats and realleges these claims and identifies the "Doe" defendants as follows: (1) John Doe #1 is Corrections Officer ("C.O.") Leon Gordon ("Gordon"); (2) John Doe #2 is C.O. Patrick Beck ("Beck"); and (3) John Doe #3 is Brandon Daigle ("Daigle"). *See* Am. Compl. at 1. Plaintiff has not identified John Does #4 and #5.[3] The Clerk of the Court is directed to add Gordon, Beck and Daigle as defendants herein. Accordingly, the Court finds that the Eighth Amendment claims against Gordon, Beck, and Daigle survive sua sponte review and require a response. In so ruling, the Court expresses no opinion as to whether these claims can withstand a properly filed

---

[3] In the body of the Amended Complaint, Plaintiff alleges that C.O. Scott Cook ("Cook") and C.O. Todd Newton ("Newton") were "assigned to escort, watch and protect[.]" Am. Compl. at 8. However, Cook and Newton are not named as defendants in the caption. Moreover, throughout the pleading, Plaintiff alleges that the names of John Doe #4 and #5 have not been provided and continues to refer to the officers as "John Doe #4 and John Doe #5." *See id.* at 1, 9, 11. Accordingly, the Court does not construe the Amended Complaint to include any claims or causes of action against Cook or Newton.

motion to dismiss or for summary judgment.[4]

### B.     Equal Protection Claims

With the Amended Complaint, Plaintiff realleges his Equal Protection claims against Gordon, Beck, Daigle, John Doe #4, and John Doe #5.  *See* Am. Compl. at 16; Dkt. No. 20-1 at 1.  The law related to Equal Protection claims was discussed in the October Order and will not be restated herein.  *See* Dkt. No. 12 at 8-9.  In the October Order, the Court dismissed Plaintiff's Equal Protection claims holding:

> Insofar as Plaintiff is attempting to allege a class-of-one claim, because Plaintiff does not identify any similarly-situated individuals, let alone any similarly-situated individuals that were treated differently, Plaintiff's equal protection claim fails as a matter of law.  *See, e.g., MacPherson v. Town of Southampton*, 738 F.Supp.2d 353, 371 (E.D.N.Y. 2010) (dismissing the plaintiffs' equal protection claim - "whether pled as a selective enforcement claim or a class-of-one claim" - because the complaint failed to "identify any comparators or similarly situated entities at all").  Simply stated, Plaintiff's allegation that defendants denied him equal protection because of his national origin and/or race is entirely conclusory, with no facts to support any claim that he was discriminated against.

Dkt. No. 12 at 8-9.

Despite being afforded an opportunity to amend the his pleading, the facts alleged in the Amended Complaint do not cure the deficiencies in Plaintiff's Equal Protection claims.  For the reasons set forth in the October Order, Plaintiff's Equal Protection claims are dismissed pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 1915A for failure to state a claim.

---

[4] If Plaintiff wishes to pursue his claims against defendants John Does #4 and #5, he must take reasonable steps to ascertain through discovery the identity of those individuals.   Upon learning the identities of the unnamed defendants, Plaintiff must amend the operative complaint to properly name those individuals as parties.  If Plaintiff fails to ascertain the identity of the John Doe defendants so as to permit timely service of process, all claims against those individuals will be dismissed.

### III.     MOTION TO PRESERVE EVIDENCE

Plaintiff seeks preservation of "all pictures of contraband recovered from incident, pictures of all injuries sustained from this unusual incident, all medical records from May 22, 2021 to present."  Dkt. No. 20 at 4.  Plaintiff also seeks an order directing Great Meadow C.F. to preserve all relevant recorded video surveillance. Id. at 4-5.

Fed. R. Civ. P. 27(a) permits a court to order the preservation or perpetuation of evidence, including ordering the production of documents.  *See In re Liquor Salesmen's Union Local 2D Pension Fund*, No. 12-CV-2786, 2012 WL 2952391, at *2 n.4 (E.D.N.Y. July 19, 2012) (citing Rule 27(a)(3); *In re Ingersoll-Rand Co.*, 35 F.R.D. 122, 124 (S.D.N.Y. 1964) (noting that written discovery can be ordered under the auspices of Rule 27)).  Document production should await the discovery phase of a pending action unless there is a showing that, absent a Rule 27 order, the evidence will be destroyed.  *See In re Petition of John W. Danforth Group, Inc*., 2013 WL 3324017, at *2 ("Rule 27 was enacted to provide parties with an equitable means to preserve evidence that would otherwise be destroyed, not a short-cut to full discovery.") (quoting *In re Liquor Salesmen's Union*, 2012 WL 2952391, at *3); *see also In re Yamaha Motor Corp., U.S.A.*, 251 F.R.D. 97, 99 (N.D.N.Y. 2008) ("Rule 27 is not a substitute for discovery and should be used in special circumstances to preserve testimony which could otherwise be lost.") (internal quotation marks omitted).  "It is within the discretion of the reviewing court to grant discovery under Rule 27 'if it is satisfied that a failure or delay of justice may thereby be prevented.'" *In re Petition of John W. Danforth Group, Inc.*, No. 13-MC-0033, 2013 WL 3324017, at *1 (W.D.N.Y. July 1, 2013) (citing *Mosseller v. United States*, 158 F.2d 380, 382 (2d Cir. 1947)) (other citations omitted).

Here, Plaintiff does not claim that the evidence he seeks to preserve is in danger of being lost or destroyed. Thus, Plaintiff has not provided this Court with a sufficient basis to order pre-action discovery. *See In re Liquor Salesmen's Union*, 2012 WL 2952391, at *4 (pre-action discovery denied where no facts were alleged that the requested evidence would in fact be or was even in danger of being lost). Accordingly, Plaintiff's motion to preserve evidence is denied.

Despite denying the preservation motion, the Court notes that "anyone who anticipates being a party or is a party to a lawsuit must not destroy unique, relevant evidence that might be useful to an adversary. 'While a litigant is under no duty to keep or retain every document in its possession . . . it is under a duty to preserve what it knows, or reasonably should know, is relevant in the action, is reasonably calculated to lead to the discovery of admissible evidence, is reasonably likely to be requested during discovery and/or is the subject of a pending discovery request.' " *Zubulake v. UBS Warburg LLC*, 220 F.R.D. 212, 217 (S.D.N.Y. 2003) (citing *Turner v. Hudson Transit Lines, Inc*., 142 F.R.D. 68, 72 (S.D.N.Y. 1991) (quoting *William T. Thompson Co. v. Gen. Nutrition Corp.*, 593 F.Supp. 1443, 1455 (C.D. Cal. 1984)). In this instance, defendants have not been served with a summons and complaint and have not appeared. However, defendants are likely to be represented by the Office of the New York State Attorney General, which will receive a courtesy copy of this Decision and Order, and which should take note of its potential client's obligation to preserve relevant evidence.

**IV.    THIRD MOTION FOR COUNSEL**

In the Amended Complaint, Plaintiff asks the Court to "allow and except [sic] this 3rd

request for attorney/counsel to be assigned to assist and help in all matters of this action." Dkt. No. 20-1 at 3.

The law related to motions for the appointment of counsel was set forth in the October Order and will not be restated herein. Dkt. No. 12 at 10-12. In the October Order, the Court denied Plaintiff's first motion for counsel reasoning, "[a]t this preliminary stage, the Court is unable to determine whether Plaintiff meets the threshold requirement that at least some aspects of his claim are 'likely to be of substance.' " *Id*. at 11 (citation omitted). The Court found: (1) the case does not present novel or complex issues; and (2) it appears to the Court as though, to date, Plaintiff has been able to effectively litigate this action and found no "special reasons why appointment of counsel at this time would be more likely to lead to a just determination of this litigation." *Id*. at 11-12. The Court also noted that Plaintiff had not submitted any evidence supporting his claims and that his request for counsel was not accompanied by documentation that substantiated his efforts to obtain counsel from the public and private sector. *Id*.

In the December Order, the Court reconsidered and denied Plaintiff's first motion for counsel holding:

> The Court has thoroughly reviewed Plaintiff's motion for counsel, with consideration of the factors outlined in the October Order, and finds no change of circumstances that would warrant appointment of counsel pro bono for Plaintiff at this time. Plaintiff's inability to "read or write English" has not prevented him from effectively litigating this matter thusfar. Indeed, the motion for reconsideration is ten pages in length and includes legal arguments, citations to caselaw, and various requests for relief. *See* Dkt. No. 15. Moreover, Plaintiff's motion for reconsideration is not accompanied by documentation that substantiates his efforts to obtain counsel from the public and private sector.

7

Dkt. No. 18 at 8.

Plaintiff's third request does not include documentation that substantiates his efforts to obtain counsel from the public and private sector.  The Court has reviewed and denies Plaintiff's third motion for appointment of counsel for the reasons set forth in the October Order and December Order.  It is likely that the Court will appoint counsel at the time of trial of this action.  In the meantime, Plaintiff may only file another motion for appointment of counsel if he can show a change in circumstances that would require reconsideration of the above.

## V.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Amended Complaint (Dkt. No. 20) is **ACCEPTED** for filing and is the operative pleading in this action; and it is further

**ORDERED** that the Clerk of the Court shall (i) revise the docket to reflect that Gordon, Beck, and Daigle are defendants in this action; and (ii) revise the docket to reflect that John Does #1, #2, and #3  are no longer defendants in this action; and it is further;

**ORDERED** that Plaintiff's Eighth Amendment claims against Gordon, Beck, Daigle, John Doe #4, and John Doe #5 survive review and require a response; and it is further

**ORDERED** that the remaining claims in the Amended Complaint are **DISMISSED** without leave to replead; and it is further

**ORDERED** that the Clerk shall issue summonses and forward them, along with copies of the Amended Complaint, to the United States Marshal for service upon the defendants. The Clerk shall forward a copy of the summonses and Amended Complaint to the Office of the Attorney General, together with a copy of this Decision and Order; and it is further

**ORDERED** that a response to the Amended Complaint be filed by the defendants, or their counsel, as provided for in the Federal Rules of Civil Procedure;

**ORDERED** that Plaintiff shall take reasonable steps through discovery to ascertain the identity of defendants John Does 4 and 5.  **Plaintiff's failure to timely serve those defendants will result in dismissal** of the claims asserted against them and termination of those defendants from the action; and it is further

**ORDERED** that all pleadings, motions and other documents relating to this action must bear the case number assigned to this action and be filed with the Clerk of the United States District Court, Northern District of New York, 7th Floor, Federal Building, 100 S. Clinton St., Syracuse, New York 13261-7367.  **Any paper sent by a party to the Court or the Clerk must be accompanied by a certificate showing that a true and correct copy of same was served on all opposing parties or their counsel.  Any document received by the Clerk or the Court which does not include a proper certificate of service will be stricken from the docket.**  Plaintiff must comply with any requests by the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 of the Northern District of New York in filing motions.  **Plaintiff is also required to promptly notify the Clerk's Office and all parties or their counsel, in writing, of any change in his address; their failure to do so will result in the dismissal of his action**; and it is further

**ORDERED** that Plaintiff's motion to preserve evidence is **DENIED**; and it is further

**ORDERED** that Plaintiff's motion for appointment of pro bono counsel is **DENIED**; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

**DATED:** February 1, 2022

Thomas J. McAvoy
Senior, U.S. District Judge